1
2
3
4
5
6
7

8                           UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,,            No.  2:13-cv-1662 GEB DAD PS

12              Plaintiff,

13        v.                               <u>FINDINGS AND RECOMMENDATIONS</u>

14   GIDEON VALENTE AGRA,

15              Defendant.

16

17        Defendant Gideon Valente Agra is proceeding pro se in the above entitled action.

18   Accordingly, the matter has been referred to the undersigned pursuant to Local Rule 302(c)(21)

19   and 28 U.S.C. § 636(b)(1).  On January 17, 2014, the parties appeared for hearing of plaintiff's

20   motion for summary judgment.  Attorney Boris Kukso appeared telephonically on behalf of the

21   plaintiff.  No appearance was made by, or on behalf of, the defendant.

22        Upon consideration of the arguments on file and at the hearing, and for the reasons set

23   forth below, the undersigned will recommend that plaintiff's motion for summary judgment be

24   granted.

25                                      BACKGROUND

26        The government's complaint, filed August 12, 2013, seeks to nullify and enjoin false liens

27   filed with the California Secretary of the State by the defendant against certain employees of the

28   United Sates.  (Dkt. No. 1.)  Defendant, proceeding pro se, filed with this court what was deemed

to be an answer on August 28, 2013.[1]  (Dkt. No. 4.)  The government filed the pending motion for summary judgment on November 25, 2013.  (Dkt. No. 9.)  On December 3, 2013, the assigned District Judge referred the matter to the undersigned pursuant to Local Rule 302(c)(21).  (Dkt. No. 10.)  Accordingly, the government re-noticed its motion for summary judgment for hearing before the undersigned.  (Dkt. No. 11.)

Although the defendant failed to file an opposition or a statement of non-opposition to the motion for summary judgment, he did file several documents with the court expressing his general objection to this action.  (Dkt. Nos. 12 & 13.)  On January 10, 2014, the government filed a reply.  (Dkt. No. 14.)

On January 17, 2014, the matter came before the undersigned for hearing of the motion.  (Dkt. No. 15.)  As noted above, defendant neither appeared at the hearing nor filed any written opposition to plaintiff's motion for summary judgment.

MOTION FOR SUMMARY JUDGMENT

I. <u>Legal Standards</u>

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact."  In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically store information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or

---

[1] Although defendant's August 28, 2013 filing was deemed to be an answer, that document is titled "A communication from The Chair of Saint Peter," and does not appear to have been signed by the defendant. (Dkt. No. 4 at 1.)  However, as is apparent from the court's docket and as noted above, defendant has filed several documents in this action evidencing both his awareness of the government's complaint and his general denial of the allegations found therein.

1   presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to
2   support the fact." FED. R. CIV. P. 56(c)(1)(A), (B).  When the non-moving party bears the burden
3   of proof at trial, "the moving party need only prove that there is an absence of evidence to support
4   the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325.).
5   See also FED. R. CIV. P. 56(c)(1)(B).  Indeed, summary judgment should be entered, after
6   adequate time for discovery and upon motion, against a party who fails to make a showing
7   sufficient to establish the existence of an element essential to that party's case, and on which that
8   party will bear the burden of proof at trial.[2]  See Celotex, 477 U.S. at 322.  "[A] complete failure
9   of proof concerning an essential element of the nonmoving party's case necessarily renders all
10  other facts immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so
11  long as whatever is before the district court demonstrates that the standard for entry of summary
12  judgment, . . ., is satisfied."  Id. at 323.
13       If the moving party meets its initial responsibility, the burden then shifts to the opposing
14  party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita
15  Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the
16  existence of this factual dispute, the opposing party may not rely upon the allegations or denials
17  of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or
18  admissible discovery material, in support of its contention that the dispute exists.  See FED. R.
19  CIV. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the
20  fact in contention is material, i.e., a fact that might affect the outcome of the suit under the
21  governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,
22  Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is
23  genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving
24  party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).
25  /////

---

[2] The undersigned has no doubt that this matter is ready for adjudication.  In this regard, it is clear from defendant's many filings with the court that he has no intention of participating in this litigation or defending against plaintiff's complaint.  Moreover, it is clear that no factual dispute is presented here.  In short, there is no reason to delay the adjudication of this action.

1  In the endeavor to establish the existence of a factual dispute, the opposing party need not
2  establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual
3  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
4  trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce
5  the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
6  Matsushita, 475 U.S. at 587 (citations omitted).

7  "In evaluating the evidence to determine whether there is a genuine issue of fact," the
8  court draws "all reasonable inferences supported by the evidence in favor of the non-moving
9  party." Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011).  It is
10 the opposing party's obligation to produce a factual predicate from which the inference may be
11 drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
12 aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing
13 party "must do more than simply show that there is some metaphysical doubt as to the material
14 facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the
15 nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation
16 omitted).

## UNDISPUTED FACTS

18  The sworn declarations and exhibits submitted in support of the government's motion for
19 summary judgment establish the following.

20  In 2012, Michael W. Cox and Gina Meneses were officers or employees of the Internal
21 Revenue Service ("IRS") involved in the collection of unpaid taxes from the defendant.  (Cox
22 Decl. (Dkt. No. 9-2) at 1-2; Meneses Decl. (Dkt. No. 9-3) at 2.)  Neither Cox nor Meneses is
23 personally acquainted with the defendant nor have they had any contact with him outside of their
24 official tax collection duties.  (Id.)

25  On June 2, 2012, the defendant filed with the California Secretary of the State a UCC
26 Financing Statement, Document No. 33345310003, Filing No. 12-7315813900.  (Kukso Decl.
27 (Dkt. No. 9-4) at 2; Ex. 1 (Dkt. No. 9-5) at 2-5.)  On June 23, 2012, defendant Agra filed with the
28 California Secretary of the State a UCC Financing Statement Amendment Document No.

4

1   33606020002, Filing No. 12-73181161. (Kukso Decl. (Dkt. No. 9-4) at 2; Ex. 2 (Dkt. No. 9-6) at
2   2-3.) The June 2, 2012, and the June 23, 2012, Financing Statements name as debtors various
3   entities and individuals, including the IRS, Michael W. Cox and Gina Meneses, both of whom are
4   falsely described therein by defendant Agra as debtors.[3] (Cox Decl. (Dkt. No. 9-2) at 2; Meneses
5   Decl. (Dkt. No. 9-3) at 2.) Named as the secured party is the defendant, Gideon Valente Agra,
6   and the amount of the indebtedness is claimed to be $2,341,626.00. (Ex 1 (Dkt. No. 9-5) at 2.)

7   Although defendant Agra has filed multiple documents with the court in this action, he has
8   not disputed the allegations found in plaintiff's complaint nor the facts asserted in connection
9   with the government's motion for summary judgment. Instead, defendant has responded merely
10  by rejecting the applicability of any laws to him and by asserting that this court has no jurisdiction
11  over him. For example, on August 28, 2013, the defendant Agra filed a "NOTICE TO
12  TRUSTEES," advising that "[t]he Estate identified herein which you are attempting to
13  administer has been lost in the sea of commerce," that the "Estate is . . . NOT subject to the
14  codes and statutes including Local Rules of the United Kingdom, United States," and that "THIS
15  COURT HAS NO JURISDICTION OVER THE LIVING BENEFICIARY, gideon-valente . . ."
16  (Dkt. No. 5 at 1-2.)

17  On December 16, 2013, defendant filed with the court a "NOTICE OF RETURN OF
18  ABANDONED PAPERWORKS" in which he states that he does "not consent to these
19  proceedings" and reiterates that "THIS COURT HAS NO JURISDICTION OVER THE LIVING

---

[3] A court may take judicial notice of its own files and documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); Hott v. City of San Jose, 92 F. Supp.2d 996, 998 (N.D. Cal. 2000); see also FED. R. EVID. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings). In this regard, the undersigned notes that on June 27, 2012, defendant Agra filed a complaint in the United States District Court for the Central District of California, alleging that the IRS unlawfully ordered money withheld from his paycheck. See Agra v. Franco, No. CV 12-1055-SJO (DTB), 2013 WL 4746357 (C. D. Cal. June 27, 2013). Named as defendants in that action were, among others, the IRS, Michael Cox and Gina Meneses. (Id. at *1). That action was ultimately dismissed without prejudice due to plaintiff's failure to prosecute. See Agra v. Franco, No. CV 12-1055-SJO (DTB), 2013 WL 3811817 (C.D. Cal. July 18, 2013).

BENEFICIARY, : gideon-valente . . ." (Dkt. No. 13 at 1.) Attached to defendant Agra's December 16, 2013 filing is a copy of the government's notice to reschedule the hearing of its motion for summary judgment to January 17, 2014, before the undersigned. (Id. at 6.) Defendant asserts in the December 16, 2013 filing that the Financing Statements "SHOWS THAT I AM NOT THE DEFENDANT ON THE COURT DOCKET, BUT THE NAME IS FICTITIOUS AND I AM THE REGISTERED OWNER OF THAT NAME UNDER CALIFORNIA LAW." (Id. at 1.)

On January 24, 2014, defendant filed with the court a copy of the government's reply in support of its motion for summary judgment. Written over that copy in black ink was the following:

> FOR I DO NOT ACCEPT THIS OFFER TO CONTRACT
> FOR I DO NOT CONSENT TO THIS PROCEEDINGS (sic)
> :gideon-valente;
> Living Beneficiary

(Dkt. No. 16 at 1.)

## ANALYSIS

The government seeks to nullify defendant's false lien filings pursuant to 26 U.S.C. § 7402. Section 7402(a) provides that "[t]he district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, . . . and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). In this regard, § 7402 demonstrates "congressional intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws." Brody v. United States, 243 F.2d 378, 384 (1st Cir. 1957).

"The United States has standing to seek relief from actual or threatened interference with the performance of its proper governmental functions." United States v. Ekblad, 732 F.2d 562, 563 (7th Cir. 1984). Section 7402(a) empowers a district court "to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." Ryan v. Bilby, 764 F.2d 1325, 1327 (9th Cir. 1985). Courts have voided common-law

1  liens where the liens were filed "to harass IRS employees and deter them from enforcing the tax
2  laws [because] . . . . [t]he tax protestors, while claiming to act in the interests of freedom and
3  personal liberty, use this weapon to harass private individuals in their private lives, as part of the
4  tax protestors' campaign." United States v. Van Dyke, 568 F. Supp. 820, 821 (D. Or. 1983). It
5  has been observed that such liens "threaten substantial interference with the administration and
6  enforcement of the internal revenue laws and are calculated to molest, interrupt, hinder and
7  impede officials of the Internal Revenue Service in the good faith performance of their official
8  duties as employees of the government of the United States." United States v. Hart, 545 F. Supp.
9  470, 473 (D.N.D. 1982), aff'd, 701 F.2d 749 (8th Cir. 1983).

10  Accordingly, "[c]ourts in this circuit have routinely granted declaratory relief to expunge
11  sham items filed against government officials." United States v. Halajian, No. 1:13-cv-0468-
12  AWI-SKO, 2013 WL 5954806, at *4 (E.D. Cal. Nov. 6, 2013). See, e.g., United States v.
13  Kadosh, No. CV-13-1133-EFS, 2014 WL 840777, at *2 (E.D. Cal. Mar. 4, 2014) ("the Court
14  declares the false UCC-1 as null, void, and of no legal effect and directs that it should be
15  expunged"); United States v. Weldon, No. 1:13-cv-1138-LJO-SAB, 2013 WL 5877306, at *4
16  (E.D. Cal. Oct. 30, 2013) (recommending that Financing Statement be declared null, void and of
17  no legal effect); United States v. Brekke, No. CIV 2:12-cv-0722-WBS-JFM, 2012 WL 2450718,
18  at*5 (E.D. Cal. June 26, 2012) (recommending that "The court declare that the UCC Financing
19  Statements at issue are null, void, and without legal effect"); United States v. Merritt, No. 2:11-
20  cv-1136 JAM KJN, 2011 WL 5026074, at *8 (E.D. Cal. Oct. 21, 2011) (same); see also United
21  States v. Tesch, 831 F. Supp.2d 1104, 1108 (S.D. Iowa 2011) ("Under § 7402(a), courts have
22  directed state agencies to expunge fictitious liens filed against federal employees.").

23  Under applicable California law, a lien is created by a contract between the parties or by
24  operation of law. CAL. CIV. CODE § 2881. Under California Commercial Code § 9203(b)(3)(A),
25  a security interest in personal property is created by a security agreement between a debtor and
26  secured party. "In the absence of a valid security agreement, a financing statement does not
27  create an enforceable security interest." In re Wes Dor, Inc., 996 F.2d 237, 239 n. 2 (10th Cir.
28  1993).

1       Here, there is no genuine issue of material fact regarding whether the defendant has
2  interfered with the administration and enforcement of the internal revenue laws by filing invalid
3  and false UCC Financing Statements and Amendments in retaliation against the IRS, Michael W.
4  Cox and Gina Meneses for the performance of their official duties.  Rather, it is undisputed that
5  Cox and Meneses were involved in their official duties in the attempt to collect on defendant's
6  outstanding tax liability on behalf of the IRS, Cox and Meneses had no other contact or
7  relationship with the defendant and that in retaliation for their collection efforts defendant filed
8  false UCC Financing Statements naming as debtors Cox and Meneses.
9       Under such circumstances the court is authorized to declare the UCC Financing
10 Statements null and void and the undersigned will recommend that plaintiff's motion for
11 summary judgment seeking to nullify those statements be granted.  See United States v. Castle,
12 No. CIV S-10-0613 GEB EFB PS, 2011 WL 1585832, at * 8 (E.D. Cal. Apr. 22, 2011).
13      As noted above, the government also seeks a permanent injunction prohibiting the
14 defendant from filing similar liens against federal employees in the future.  (MSJ (Dkt. No. 9-1)
15 at 13.)  Under § 7402, district courts have jurisdiction to issue injunctions "as may be necessary
16 or appropriate for the enforcement of the internal revenue laws."  26 U.S.C. § 7402(a).  See also
17 United States v. Ernst & Whinney, 735 F.2d 1296, 1300 (11th Cir. 1984) (§ 7402 "has been used
18 to enjoin interference with tax enforcement even when such interference does not violate any
19 particular tax statute").
20      A plaintiff seeking a permanent injunction must normally satisfy the following four-factor
21 test:  (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as
22 monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance
23 of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the
24 public interest would not be disserved by a permanent injunction.  eBay Inc. v. MercExchange,
25 LLC, 547 U.S. 388, 391 (2006) (citing Weinberger v. Romero-Barcelo, 456 U.S. 305, 3011-13
26 (1982)).  See also Montana v. BNSF Ry. Co., 623 F.3d 1312, 1317, n.3 (9th Cir. 2010) ("The
27 requirements for the issuance of a permanent injunction are (1) the likelihood of substantial and
28 /////

immediate irreparable injury, and (2) the inadequacy of remedies at law.").[4]  Additionally, "[i]n cases where the public interest is involved, the district court must also examine whether the public interest favors the plaintiff." Fund for Animals v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 1992).

Here, the undersigned has considered these factors and finds that they favor entering the permanent injunction sought by the government.  In this regard, the United States has suffered irreparable harm as a result of defendant's filing of false liens. See United States v. Van Dyke, 568 F. Supp. 820, 822 (D. Ore.1983) (irreparable harm found where "campaign of harassment takes the form of filing frivolous and nonsensical suits and documents against named employees of the federal government.")  Moreover the false liens filed by the defendant have exposed Cox and Meneses to potential hardship and costs associated with possible negative impact on their credit histories.  (Cox Decl. (Dkt. No. 9-2) at 2; Meneses Decl. (Dkt. No. 9-3) at 2.)  Additionally, the normal remedy available in civil actions, i.e., the voiding of the false lien, is inadequate in that it does not deter the defendant from filing future false liens in the absence of an injunction.  Conversely, a carefully tailored injunction would not impair defendant's ability to file valid, consensual liens.  Finally, there is a strong public interest in preventing defendant's harassment of governmental employees and safeguarding the integrity of the judicial process.[5]

---

[4]  It is unclear in the Ninth Circuit whether a plaintiff must satisfy only the criteria set forth in § 7402(a) to merit injunctive relief or must also establish the traditional equitable factors to obtain an injunction.  See, e.g., Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1175 (9th Cir. 2010) ("the standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief."); United States v. Estate Pres. Servs., 202 F.3d 1093, 1098 (9th Cir. 2000) (finding, with regard to I.R.C. § 7408, that the "traditional requirements for equitable relief need not be satisfied since [the statute] expressly authorizes the issuance of an injunction").  Nonetheless, because the equitable requirements for the issuance of a permanent injunction are met here, the issue need not be reached.

[5]  The undersigned notes that when presented with similar circumstances, courts in this district have routinely granted the government's request for a permanent injunction.  See United States v. Kadosh, No. CV-13-1133-EFS, 2014 WL 840777, at *3-4 (E.D. Cal. Mar. 4, 2014); United States v. Halajian, No. 1:13-cv-0468-AWI-SKO, 2013 WL 5954806, at *6-7 (E.D. Cal. Nov. 6, 2013); United States v. Weldon, No. 1:13-cv-1138-LJO-SAB, 2013 WL 5877306, at *3 (E.D. Cal. Oct. 30, 2013); United States v. Castle, No. CIV S-10-0613 GEB EFB PS, 2011 WL 1585832, at *9-10 (E.D. Cal. Apr. 22, 2011).

Accordingly, the undersigned finds that all the requirements for the issuance of a permanent injunction have been satisfied and will recommend that the government's request for a permanent injunction be granted.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's November 25, 2013 motion for summary judgment (Dkt. No. 9) be granted and judgment for the United States be entered on all claims;

2. The following UCC Financing Statements be declared null, void, of no legal effect, and shall be stricken and that the California Secretary of the State be directed to permanently expunge them from her records:

    a. UCC Financing Statement, Document Number 33345310003, Filing Number 12-7315813900;

    b. UCC Financing Statement Amendment, Document Number 33606020002, Filing Number 12-73181161;

3. Defendant Gideon Valente Agra, as well as any person action on his behalf, be permanently enjoined from filing any notices of non-consensual liens, recording any documents, or otherwise taking any action in the public records which purports to name a federal officer as a debtor, appoint a federal officer as a trustee, or encumber the rights or the property of any federal officer.[6] This permanent injunction should not apply if defendant Gideon Valente Agra obtains advance permission to record the document from a United States District Court, which permission shall be recorded;

4. Defendant Gideon Valente Agra be cautioned that any violation of the injunction entered by this court could result in the imposition of sanctions as well as constituting contempt of court; and

---

[6] "Federal Officer" shall mean any officer, employee, or agent of the United States or any of the agencies of the United States, or any judge, magistrate judge, judicial officer, or judicial employee of the United States, regardless of whether the officer, employee, or agent is named personally, in his or her official capacity, or in any other capacity.

5. The United States be permitted to record the judgment in this action in the public record as necessary to effectuate its order.

Dated:  April 28, 2014

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\USvAgra1662.msj.f&rs.docx